```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ALICIA GARRETT,

                    Petitioner,

        - against -

SUPERINTENDENT OF BEDFORD
HILLS CORRECTIONAL FACILITY,

                    Respondent.
----------------------------------------------------------x
```


BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

10-cv-3093 (SLT)

**TOWNES, United States District Judge,**

Petitioner Alicia Garrett, *pro se*, an inmate at Bedford Hills Correctional Facility, moves for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that newly discovered evidence of judicial misconduct contaminated her conviction. For the reasons set for below, the petition is denied.

## BACKGROUND

On August 13, 1995, petitioner fatally stabbed Jacqueline Williams. (Marie John-Drigo Aff. dated Sept. 30, 2010 ¶¶ 5-9.) She fled Brooklyn and was not arrested until March 7, 2003. (*Id.* ¶ 10.)

A jury trial was held before Justice Cheryl Chambers in New York Supreme Court, Kings County. On March 3, 2005, Garrett was convicted of manslaughter in the first degree. She was acquitted of murder in the second degree and criminal possession of a weapon in the fourth degree. That day, during sentencing, the following exchange occurred:

> [The Prosecutor]: ...Your Honor, the victim's niece, Angela McLammy Pollard, would like to make a victim impact statement, which I wrote on my sentencing letter, that the family member would make a statement. The victim's daughter is out of state, and had been back for prior sentencing, but since the 330 motion, she could not keep coming back every time, so this time, Miss Pollard would like to come up and speak for the members of the Williams family.

> THE COURT: All right, but that I want to put on the record, I did supervise Miss Pollard as an Assistant District Attorney. That was more than 15 years ago. I've been on the bench since 1995, and it was before that, that I supervised her. It will have no impact on how I evaluate this case, but I want to make sure that the record is clear before she gets up, that that is the case.

(Sentencing Tr. ("S. Tr.") at 6-7.) Miss. Pollard asked the court to impose the maximum sentence, 25 years incarceration (S. Tr. at 7-9). Justice Chambers imposed a sentence of twenty years incarceration and five years post release supervision.

Garrett's direct appeal, which did not raise any of the issues before this Court, was denied on May 19, 2009, *People v. Garrett*, 62 A.D.3d 899 (2009), and leave to appeal to the Court of Appeals was denied on August 12, 2009. *People v. Garrett*, 13 N.Y.3d 744, 914 N.E.2d 1016 (2009).

By submission dated May 27, 2010, Garrett moved pursuant to N.Y. Crim. Proc. Law ("C.P.L.") § 440.10 to vacate her conviction on the basis that (1) Justice Chambers "acted with perfidious negligence when she failed to disclose at the commencement of [the] trial that she had a relationship with the victim's niece," in violation of the Code of Judicial Conduct, 22 N.Y.C.R.R. 100.2, and (2) her attorney's failure to object to Justice Chamber's disclosure was a violation of her constitutional right to effective assistance of counsel. (Docket No. 5-2 ("440.10 Order") at 2.) Garrett's C.P.L. § 440.10 motion, which was pending when she filed the instant petition, was denied on October 4, 2010 by the New York Supreme Court, Kings County. (440.10 Order.) Citing C.P.L. § 440.10(2)(c), the court denied the motion, , "[b]ecause all of these claimed errors ... are clearly on the record and could have been raised on the defendant's appeal but were not." (440.10 Order at 3.) The court did not reach the merits of Garrett's argument, but did note that "[o]ne would not expect any of the defendant's claims to have been raised on direct appeal, because ... they have no merit." (440.10 Order at 3.)

By petition dated June 21, 2010, Garrett filed for a writ of habeas corpus asserting a single ground for relief – that newly discovered evidence of judicial misconduct contaminated her conviction. Petitioner alleges that:

> "In the proceeding (sentenc[ing]) minutes ... Judge Chambers states ... 'I've been on the bench since 1995 and it was before that I supervised her (the victim[']s niece)[.] It will have absolutely no impact ... the fact I had supervised her will have no impact on how I evaluate this case.'" (Petition at 5.)

Garrett does not raise ineffective assistance of counsel, the second claim from her Section 440.10 motion, in this petition.

## DISCUSSION

### A. *The Legal Standard Governing 28 U.S.C. § 2254 Petitions*

Under 28 U.S.C. § 2254(a):

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Errors of state law are thus not subject to federal habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions"). Rather, petitioners must demonstrate that their convictions resulted from a state court decision that violated federal law. *See, e.g., Estelle*, 502 U.S. at 68. Petitioners bear the burden of proving such violations of federal law by a preponderance of the evidence. *See, e.g., Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997).

### B. *Procedural Default*

As the Supreme Court recently explained, "[f]ederal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 132 S. Ct.

3

1309, 1316 (2012). For this reason, the doctrine of procedural default precludes federal review of "the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Id.* Procedurally defaulted claims may not be heard unless the petitioner demonstrates "cause for the default and prejudice from a violation of federal law." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The procedural bar applies even if the state court addressed the merits of the claim in the alternative. *Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir. 1990).

Under New York law, a criminal defendant is entitled to one appeal, as of right, to the Appellate Division and one request for leave to appeal to the Court of Appeals. C.P.L. § 450.10(1); N.Y. Court R. § 500.10(a). Garrett pursued both and failed to raise the instant judicial misconduct claim before either court. New York law also permits a criminal defendant to bring a motion pursuant to C.P.L. § 440.10 to collaterally attack a conviction based on "facts not reflected in the record and unknown at the time of the judgment." *People v. Donovon,* 107 A.D.2d 433, 443 (N.Y. App. Div. 2d Dept. 1985), *lv. denied,* 65 N.Y.2d 694 (1985). However, a C.P.L. § 440.10 motion may not be "employed as a substitute for direct appeal when defendant was in a position to raise an issue on appeal ... or could readily have raised it on appeal but failed to do so." *People v. Cooks,* 67 N.Y.2d 100, 103 (1986). Accordingly, where, as here, "sufficient facts appear on the record of the proceedings" to identify an error but the petitioner unjustifiably failed to raise that error on direct appeal, New York courts will deny the C.P.L. § 440.10 motion as procedurally barred. C.P.L. § 440.10(2)(c);

The Second Circuit has specifically held that a state court's reliance on CPL § 440.10(2)(c) constitutes an adequate and independent state ground that precludes federal habeas review. *See, e.g., Reyes v. Keane,* 118 F.3d 136, 139 (2d Cir. 1997); *Murden v. Artuz,* 497 F.3d

178, 191-93 (2d Cir. 2007) (finding "C.P.L. § 440.10(2)(c) constitutes an adequate state procedural bar to federal habeas review.").

Here, the New York Supreme Court determined that Garrett's judicial misconduct claim was procedural barred under C.P.L. § 440.10(2)(c). She makes no attempt to argue that an exception to the procedural bar doctrine applies. Her characterization of her claim as "newly discovered" is without merit, as Justice Chambers made a full disclosure of her prior relationship with the victim's niece on the record at Garrett's sentencing. It would offend principles of comity and federalism for this Court to grant habeas review of Garrett's procedurally barred claims. Accordingly, Garrett's petition is denied.

## CONCLUSION

For the reasons set forth above, the instant petition for a writ of habeas corpus is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112–13 (2d Cir. 2000). The Clerk of the Court is directed to enter judgment denying the petition and closing this case.

**SO ORDERED.**

/s/(SLT)
───────────────────────
SANDRA L. TOWNES
United States District Judge

Brooklyn, New York
Dated: November 2̲5̲, 2013